El Pueblo de Puerto Rico, demandante y apelado, *v.* José María Vega, acusado y apelante.

Núm. 7967.—*Sometido:* Marzo 26, 1940. *Resuelto:* Marzo 30, 1940.

*García Méndez & García Méndez,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

José María Vega fué convicto de portar una pistola. Su primera contención es que la corte de distrito cometió error al admitir como prueba una pistola sin habérsele identificado suficientemente.

Todos los testigos oculares de El Pueblo describieron la pistola que se decía haber sido sacada por el acusado. El jefe de la policía, que no fué un testigo ocular del supuesto delito, identificó plenamente una pistola hallada por él en la casa del acusado el día siguiente al de la comisión del delito. Esta pistola era de tamaño y color similares al tamaño y color de la pistola descrita por los testigos oculares como sacada a relucir por el acusado. Dos de estos testigos dijeron que se trataba de la misma arma.

Cuando al terminar la prueba de cargo el fiscal de distrito ofreció la pistola como prueba, los letrados del acusado manifestaron que éste no se oponía a que se admitiera la pistola en evidencia como el arma hallada por el jefe de distrito de la policía; pero dijeron que si se presentaba como la pistola a que se habían referido los otros testigos, ellos se oponían a su admisión porque la misma no había sido debidamente identificada por esos testigos. El arma fué entonces admitida en evidencia "como la pistola identificada en este proceso". El acusado excepcionó esta resolución fundado en que si bien el arma era admisible en tanto en cuanto se ofrecía como la pistola que fué ocupada por el jefe de la policía en el hogar del acusado el 12 de julio de 1936, ella no era

admisible en cuanto a que fuera la pistola a que se refirieron los otros testigos, quienes no pudieron identificarla como la pistola portada por el acusado en julio 11, 1936.

El apelante no cita autoridad alguna en apoyo de su primera contención. El argumento contenido en el alegato deja de hacer una distinción entre la cuestión de la admisibilidad del arma como evidencia y la cuestión de valor probatorio. No podemos asumir con el apelante que fuera necesario identificar la pistola más allá de toda duda razonable como el arma que se decía haber sido portada por el acusado, como condición previa a su admisión en evidencia. Sea ello como fuere, el juez de distrito al momento de dictar sentencia hizo constar con bastante claridad que él daba poca o ninguna importancia a la suficiencia o insuficiencia de la identificación por parte de los testigos oculares que declararon que la pistola mostrádales por el fiscal era la pistola que ellos habían visto en manos del acusado. Si el juez de distrito hubiera manifestado que la pistola sería admitida en evidencia tan sólo como el arma identificada por el jefe de la policía y no como el arma a que hacían referencia los testigos oculares de El Pueblo, el resultado habría sido el mismo. En su consecuencia, de haberse cometido algún error, el mismo no fué perjudicial.

La segunda contención del apelante es que la sentencia es contraria a derecho y a la prueba. Hemos examinado la prueba y no hallamos en la apreciación de la misma un error tan manifiesto que exija la revocación.

*La sentencia apelada debe ser confirmada.*